FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 22 2009 ★
LONG ISLAND OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 22 2009 ★
LONG ISLAND OFFICE

MATSUMOTO, J.
REYES, JR, M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
ABRAHAM STONE

                                    Plaintiff,

       -against-

BARCLAYS BANK DELAWARE AND
LAWRENCE DREXLER,

                                 Defendants.
-------------------------------------------------------------------

**CLASS ACTION COMPLAINT**

CV-09 263

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages arising from the defendants' violation of § 1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1.    This action seeks redress for the illegal practices of defendants, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2.    This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

1

3. Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District. Additionally, plaintiff resides in this District.

4. Plaintiff is a resident of the State of New York who resides in Kings County.

5. Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA in that the alleged debt that the defendants sought to collect from plaintiff is a consumer debt.

6. Upon information and belief, defendant, Barclays Bank Delaware is a banking institution located in Delaware and Lawrence Drexler is its General Counsel also located in Delaware. At the direction of the defendant Barclays the defendant did send the collection letter complained of herein to the county of Kings, State of New York.

7. Defendants are regularly engaged in the collection of debts allegedly owed by consumers.

8. Defendants are "Debt Collectors" as that term is defined by § 1692(a)(6) of the FDCPA.

9. Defendants, communicated with plaintiff by writing to the defendant in a letter dated December 16, 2008.

10. The letter violated 15 U.S.C. §§ 1692(g), 1692(j) and 1692(e).

11. The letter although originating form the defendant Barclays was designed to create the impression that the letter originated from an independent attorney. In fact the attorney was an employee of the creditor Barclays and upon information and belief was not involved in the sending of the letter. A redacted copy of the letter is attached hereto as exhibit A.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiff and all consumers and their successors in interest (the "Class") who have received identical letters from the defendants addressed to individuals located within the State of New York. Excluded from the Class are the defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of defendants.

13. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

14. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection notices from the defendants, which violate various provisions of the FDCPA.

15. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether the defendants violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692(g), 1692(d) and 1692(e).

   b. Whether plaintiff and the Class have been injured by the defendants' conduct; and

   c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendants' wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

3

16. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

17. Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

18. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

19. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendants' conduct will proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

20. Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

21. Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

22. Upon information and belief, the letter received by the plaintiff were part of a practice and pattern of the defendants in which the defendants sought to create the

impression that Mr. Drexler was an independent lawyer seeking to collect a debt on behalf of Barclays.

23. The impact of these messages are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

24. Section 1692(e) of the Fair Debt Collection Practices Act states that:

"A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."

25. Section 1692(j) prevents anyone from designing compiling or furnishing a form that creates the impression that anyone other than the creditor is involved in the collection of a debt when in fact such person is not so participating.

26. Defendants violated the above sections by failing to indicate that Mr. Drexler was an employee of the company and not an independent attorney. The letter asks that the debtor call "my office" is signed by Mr. Drexler without indicating that he is signing on behalf of Barclays, the hours for calling do not correspond with the Bank's hours and the opening sentence refers to Barclays by name rather than simply referring to the bank. Defendants further violated § 1692(g) by failing to give the required statutory notice and 1692(e) for its false and deceptive practices including but not limited to the above as well as its failure to include the statutory language required under 1692(e)11.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

   a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

   b) Awarding plaintiff and the class statutory damages;

c) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

d) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated: Cedarhurst, New York
January 19, 2009

Plaintiff requests trial by jury on all issues so triable.

_____
Lawrence Katz
445 Central Avenue Suite 206
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile (516) 706-2404

Exhibit A

LAWRENCE DREXLER,
GENERAL COUNSEL
BARCLAYS BANK DELAWARE

100 SOUTH WEST ST. · WILMINGTON, DE 19801 · 866.890.1291

December 16, 2008

Abraham Stone

▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓

RE: Acct. No. ending in ▓▓▓▓

Dear Abraham Stone,

I have been asked to contact you regarding your US Airways Dividend Miles MasterCard account, issued by Barclays Bank Delaware. Currently, it is 67 days past due with an outstanding balance of $▓▓▓.

Abraham Stone, several attempts have been made to contact you regarding the delinquency of the above stated account. <u>Please contact my office by January 02, 2009 to accept this final settlement offer to pay off your account balance at a significantly reduced amount.</u>

We will accept a 35% reduced payment based on your past due account balance. The settlement offer to be considered PAID IN FULL is $▓▓▓ — a savings of $▓▓▓.

The difference between your current account balance and the payoff amount is currently $▓▓▓. Because this amount is greater than $600, it is considered taxable income and must be included on your income tax return. We will send you IRS form 1099c in January 2009. You will need to include this form when you submit your income tax return to the IRS.

Please note that this settlement offer contains certain restrictions and you may not qualify for this offer if your account status has changed.

To indicate acceptance of this offer, you MUST speak with one of our Account Managers by calling 1-866-890-1291. The settlement payment can be automatically debited from your checking account, so please have your checking account number available when you call.

Sincerely,

*[signature]*

Lawrence Drexler, Esquire

HOURS OF OPERATION:
MONDAY: 8 A.M.- 5 P.M., TUESDAY-WEDNESDAY: 8 A.M.- 10 P.M., THURSDAY: 1 P.M.- 10 P.M.,
FRIDAY-SATURDAY: 8 A.M.- 12 NOON AND SUNDAY: 6 P.M.- 10 P.M. EASTERN STANDARD TIME.

4036B 8/07